**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Magdalena JUAREZ–RAMOS,**
**Defendant–Appellant.**

No. 00–50536.
D.C. No. CR–00–01465–HBT.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2001 *.

Decided July 2, 2001.

R.App. P. 34(a)(2).

Before MAGILL,** McKEOWN, and FISHER, Circuit Judges.

### MEMORANDUM ***

Magdalena Juarez–Ramos was arrested for importing approximately fifty-two kilograms of marijuana into the United States. The government offered Juarez–Ramos a plea bargain under the "fast track" procedure for handling routine drug importation cases. Juarez–Ramos rejected the proposed plea agreement and pleaded not guilty to the indictment. However, without accepting the plea agreement, Juarez–Ramos subsequently pleaded guilty to importing marijuana, in violation of 21 U.S.C. §§ 952 and 960. The district court sentenced Juarez–Ramos to twelve months and one day imprisonment and three years supervised release. Juarez–Ramos appeals her conviction and sentence; we vacate her sentence and remand to the district court for resentencing, without prejudice to her arguments concerning the validity of her conviction.

### I.

Juarez–Ramos argues that 21 U.S.C. § 960 is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Alternatively, Juarez–Ramos argues that § 960 requires that she had knowledge of the type and quantity of the controlled substance at issue, and that the district court erred under Federal Rule of Criminal Procedure 11(c) by not advising her of these alleged requirements. Since panels of this Court currently are considering these issues, we dismiss Juarez–Ramos's contentions without prejudice pending this Court's resolution of these issues in previously submitted cases.

Juarez–Ramos also argues that the government unconstitutionally withheld a recommendation for, and the district court unconstitutionally denied, a downward departure due to her refusal to waive her rights under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), as part of the standard "fast track" plea bargain agreement. Basically, the "fast track" program offers a plea bargain that requires the defendant to plead guilty and waive her right to an indictment, to an appeal, to present motions, and to receive certain information pursuant to *Brady*, in return for a government promise to recommend a two-level downward departure to the district court. *United States v. Ruiz*, 241 F.3d 1157, 1161 (9th Cir.2001). Jua-

---

** Honorable Frank J. Magill, Senior United States Circuit Judge for the United States Court of Appeals, Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

rez–Ramos claims that she qualifies for the sentencing departure because she essentially complied with the requirements of the "fast track" program by entering an early guilty plea and declining to file motions.

In *Ruiz,* under similar facts, we vacated the defendant's sentence and remanded for the district court to

> conduct an evidentiary hearing to determine whether the Government withheld the 'fast track' recommendation because [Juarez–Ramos] refused to waive her *Brady* rights. If the district court finds that the Government acted, at least in part, for this reason, it must then determine in its discretion whether to provide a remedy for the violation.

*Id.* at 1169. This case is indistinguishable, in all relevant respects, from *Ruiz.* Therefore, we vacate Juarez–Ramos's sentence and remand to the district court to determine whether the government withheld a downward departure recommendation because Juarez–Ramos refused to waive her *Brady* rights and, if so, whether to provide a remedy for the violation.

## II.

We VACATE Juarez–Ramos's sentence and REMAND to the district court for resentencing, without prejudice to her arguments concerning the validity of her conviction. The mandate shall issue forthwith.